UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA STUYVENBERG,
AND THOSE SIMILARLY SITUATED,

Plaintiffs,

v.

BUBBA GUMP SHRIMP CO.
RESTAURANTS, INC., a Foreign corporation,
LANDRY'S SEAFOOD HOUSE - FLORIDA,
INC., a Florida corporation and LANDRY'S
SEAFOOD HOUSE - ARLINGTON, INC., a
Texas corporation,

Defendants.

CASE No.: 6:13-cv-1330-ORL-37-KRS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA STUYVENBERG, (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through their undersigned counsel, hereby sues Defendants, BUBBA GUMP SHRIMP CO. RESTAURANTS, INC., a Foreign corporation ("BUBBA GUMP"), LANDRY'S SEAFOOD HOUSE – FLORIDA, INC., a Florida corporation ("LANDRY'S FLORIDA"), LANDRY'S SEAFOOD HOUSE – ARLINGTON, INC., a Texas corporation "(LANDRY'S TEXAS") (collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), to recover unpaid minimum

-2-

wages, overtime compensation and liquidated damages owed to Plaintiff and all other current and former employees of Defendants that are similarly situated.

## JURISDICTION VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391, as the events giving rise to Plaintiffs' claims occurred in Volusia County, Florida.

4. BUBBA GUMP is a Foreign corporation conducting business in Volusia County, Florida. BUBBA GUMP is subject to the requirements of the FLSA and is within the jurisdiction of this Court.

5. LANDRY'S FLORIDA is a Florida corporation conducting business in Volusia County, Florida. LANDRY'S FLORIDA is subject to the requirements of the FLSA and is within the jurisdiction of this Court.

6. LANDRY'S TEXAS is a Texas corporation conducting business in Volusia County, Florida. LANDRY'S TEXAS is subject to the requirements of the FLSA and is within the jurisdiction of this Court.

7. At all times relevant hereto, Defendants owned and operated the location where Plaintiff worked as a SERVER. Defendants, through their managers and agents, regularly exercised authority to (a) hire and fire employees; (b) determine work schedules for the employees; and (c) control the finances and operations of the business. Defendants are an employer as that term is defined by 29 U.S.C. § 201 *et. seq.*

8. This is action is brought under the FLSA to recover from Defendants minimum wages, liquidated damages and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid server who worked for Defendants at any time during the past three (3) years.

9. Plaintiff was an employee for Defendants as that term is defined by 29 U.S.C. § 203(e)(1), performing the duties of "Server" within the last three years in Volusia County, Florida. Defendants were Plaintiff's employer as that term is defined by 29 U.S.C. §203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

10. At all times material to this action, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) in that Defendants (a) have two or more employees engaged in interstate commerce or has employees handling, selling or otherwise working on goods and materials that have been moved in commerce, and (b) have an annual gross volume of sales made or business done that is not less than $500,000.00. Additionally, Plaintiffs engaged in interstate commerce during their employment with Defendants.

11. Plaintiff, and those similarly situated employees, were not "exempt" from the minimum wage and overtime requirements of the FLSA.

12. During Plaintiff's employment and others similarly situated, Defendants claimed a "tip credit," for Plaintiff and others similarly situated, and paid these employees below the statutorily required minimum wage under the FLSA.

13. In order for Defendants to claim a "tip credit," all tips must received by Plaintiff and others similarly situated. However, Plaintiff and those similarly situated are required to work off the clock, work at the tip rate although they are cleaning or in meetings, and are required to pay for walkouts.

14. Specifically, Plaintiff and those similarly situated employees were not allowed to clock in when they first arrived to work and would work off-the-clock prior to the beginning of their shift each day. Then, at the end of the day, Plaintiff and those similarly situated employees were required to clock out early and work off-the-clock at the end of each shift each day they worked. Thus, Plaintiff, and those similarly situated employees, were not paid minimum wages for each hour worked and not paid overtime compensation for those hours worked over forty (40) in a workweek.

## GENERAL ALLEGATIONS

15. Plaintiff was employed with Defendants as a Server.

16. During her employment, Plaintiff was not "exempt" from the minimum wage and overtime provisions of the FLSA.

17. Plaintiff worked in excess of forty (40) hours in virtually every work week while employed with Defendants.

18. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209 *et. seq.* because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a workweek.

19. Despite regularly working in excess of forty (40) hours per work week, Plaintiff's paychecks in her possession confirm that Plaintiff did not receive appropriate overtime compensation for all of the hours worked each week as required by the FLSA.

20. Upon information and belief, the records, to the extent any exist, concerning the numbers of hours worked and amounts paid to Plaintiff during the last three years are in the possession and custody of Defendants.

21. Plaintiff has retained the services of undersigned counsel and is entitled to payment of her legal fees and costs incurred as the prevailing party in this action.

## COUNT I – UNPAID OVERTIME - FLSA

22. Plaintiff hereby reincorporates and readopts all allegations contained within paragraphs 1 - 21 as if fully restated herein.

23. Plaintiff, and those similarly situated, are entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per week.

24. During her employment with Defendants, Plaintiff, and those similarly situated, worked overtime hours but was not appropriately paid time and one-half compensation for same.

25. Defendants failure to pay Plaintiff overtime compensation for the hours she worked overt forty (40) in one or more work weeks constitutes a violation of the FLSA.

26. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, one and a half her regular rate of pay for each hour worked in

excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – UNPAID MINIMUM WAGE - FLSA

29. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1–21 as if incorporated herein.

30. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

31. At all relevant times, Defendants employed, and/or continues to employ servers like Plaintiff and similarly situated servers.

32. As stated above, Defendants have policies and procedures which force Plaintiff and those similarly situated to work off the clock and pay for walkouts.

33. Such a policy and practice violates the FLSA.

34. Defendants' failure to pay Plaintiff and other similarly situated servers the full minimum wage is a violation of 29 U.S.C. § 206.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff on behalf of herself and those similarly situated, demand judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - DECLARATORY RELIEF

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

38. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

39. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

40. Plaintiff may obtain declaratory relief.

41. Defendants employed Plaintiff and the other class members as servers.

42. Plaintiff is individually covered by the FLSA by her routine and repeated use of credit card machines and/or other restaurant equipment which transmitted communications in interstate commerce and furthered interstate commerce.

43. Defendants failed to pay Plaintiff and the class members the full minimum

wage.

44. Defendants' policies show that Defendants do not pay servers a full minimum wage.

45. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

46. Plaintiffs are entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

47. Defendants did not rely upon a good faith defense in their decision to make Plaintiff and the class members pay for walkout customers and uniforms.

48. Plaintiffs are entitled to an equal amount of liquidated damages.

49. It is in the public interest to have these declarations of rights recorded as Defendants still employ servers subject to the same policies at issue.

50. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

51. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

52. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, demands a declaration of rights finding that an employer-employee relationship existed between Plaintiff and Defendants, that Plaintiff and the class members were not paid the full minimum wage or overtime wages by Defendants for each hour worked, that Defendants had a legal duty to pay Plaintiff and the class members proper compensation pursuant to the FLSA, that Defendants failed to

prove a good faith defense to their pay practices, and that Plaintiff and the class members are entitled to proper compensation, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Respectfully submitted this 27th day of August, 2013.

CHANFRAU & CHANFRAU

Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL, 32118
Telephone: 386-258-7313
Facsimile: 386-258-8783
Email: Kelly@Chanfraulaw.com
TRIAL COUNSEL FOR PLAINTIFF