# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSICA STUYVENBERG,**

    **Plaintiff,**

**v.**                                                 **Case No:   6:13-cv-1330-Orl-37KRS**

**BUBBA GUMP SHRIMP CO.
RESTAURANTS, INC. and LANDRY'S
SEAFOOD HOUSE - FLORIDA, INC.,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 31)**
>
> **FILED:**      **May 27, 2014**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The settlement agreement contains a sweeping release, which releases individuals and entities not named in the complaint or otherwise identified and which releases claims other than those asserted in the complaint. Doc. No. 31-1 at 5-6. The settlement agreement also contains various other non-monetary concessions by Plaintiff, including a waiver of re-employment, confidentiality provisions (which extend to the terms of the settlement agreement, the existence of her claims against Defendants, the factual basis of her claims against Defendants, and "Defendants' procedures, processes [and Plaintiff's] employment relationship"), and an agreement that Plaintiff

- 2 -

will not disparage Defendants (and a number of other individuals and entities). *Id.* at 4-5, 7-8. Although the joint motion to approve the settlement agreement represents that Plaintiff will receive approximately $250 more than she claimed entitlement to in her amended answers to the Court's FLSA Interrogatories, it is not entirely clear that the additional funds are intended to constitute additional consideration for Plaintiff's additional non-monetary concessions. It is also unclear whether Plaintiff is compromising her claim or whether she will be receiving all compensation to which she is arguably entitled.[1] Regardless, the parties have not addressed the issues raised by cases such as *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010), and *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), which suggest that certain non-cash concessions (such as a broad release) by an employee may preclude a fairness finding, whether or not all monetary compensation owed is paid in full. In addition, they have not addressed cases such as *Dees*, which have suggested that confidentiality agreements are inappropriate in the context of settling FLSA claims. *Dees*, 706 F. Supp. 2d at 1242.

The proposed settlement agreement also provides that Plaintiff will receive $1,750 and that her attorney will receive $3,250. Doc. No. 31-1 at 3-4. As mentioned above, it is, however, unclear whether the parties contend that Plaintiff has compromised her claims against Defendants or whether they are contending that she is receiving payment in full and is, therefore, not compromising her claims. This distinction is important. If Plaintiff is compromising her claims, then the Court must review the reasonableness of the fee amount, absent a certification that the fees

---

[1] For example, the motion states that Plaintiff is receiving more than the amount claimed in her amended answers to the Court's FLSA Interrogatories, which might suggest that the parties contend that she is not compromising her claims. Doc. No. 31 at 2. However, the motion also states that the parties agree that the settlement agreement "represents a fair and equitable compromise of the claims involved," which suggests that Plaintiff is compromising her claims. *Id.*

were negotiated separately and without regard to the amount paid to settle Plaintiff's FLSA claim. *See Bonetti v. Embarq Mgt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). The joint motion does not include such a certification and does not provide any evidence that would otherwise allow the Court to assess the reasonableness of the fee.

Finally, the parties filed a proposed settlement agreement that is not signed. Although the parties indicated that they would file a fully executed copy of the settlement agreement once it was obtained, they have yet to file a signed agreement. The Court requires the parties to file a fully executed settlement agreement before it can recommend approval of the settlement.

Any renewed motion must include a memorandum of law discussing the issues raised by this Order and evidence, if necessary, regarding the reasonableness of the attorney's fees and costs to be paid.[2] A renewed motion must also be supported by a fully executed copy of the proposed settlement agreement. It is **ORDERED** that a renewed motion for approval of the settlement, or a Case Management Report, shall be filed on or before June 19, 2014.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may also choose to address the issues raised by this Order by re-negotiating the settlement agreement and filing a motion for approval of an amended agreement.