## AMENDED AND RESTATED SETTLEMENT AGREEMENT AND RELEASE

Through this Amended and Restated Settlement Agreement and Release ("Settlement Agreement"), Plaintiff Jessica Stuyvenberg ("Stuyvenberg") and Defendants Bubba Gump Shrimp Co. Restaurants, Inc. ("Bubba Gump") and Landry's Seafood House – Florida, Inc. ("Landry's – Florida") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree to settle the matter styled *Jessica Stuyvenberg, and those similarly situated v. Bubba Gump Shrimp Co. Restaurants, Inc. and Landry's Seafood House – Florida, Inc.*, case no. 6:13-cv-1330-ORL-37-KRS, currently pending in the United States District Court for the Middle District of Florida, Orlando Division (the "Action"), as well as all other claims Stuyvenberg may have or claim to have against Defendants or any of the Released Parties (defined below) related to her former employment with Bubba Gump.

## I.
## RECITALS

1. WHEREAS, Stuyvenberg filed the Action against Defendants alleging certain claims relating to her former employment with Bubba Gump including claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. WHEREAS, Defendants deny any liability or wrongdoing of any kind associated with Stuyvenberg or the claims alleged. Defendants further contend that they have complied with all state and federal laws and that Stuvyenberg was, at all times, paid appropriately under those laws.

3. WHEREAS, the Parties desire to settle the Action and any and all claims, charges, filings, administrative proceedings or allegations related in any manner to Stuyvenberg's employment, compensation, and/or termination from employment at Bubba Gump that

Stuyvenberg may now have or claim to have against Defendants or any of the Released Parties (defined below).

4. WHEREAS, Stuyvenberg agrees to cooperate and take all steps necessary and appropriate to effectuate the terms of this Settlement Agreement including dismissing, with prejudice, the Action.

5. NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements described in this Settlement Agreement, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

## II.
## DEFINITIONS

6. In addition to the definitions contained within the body of this Settlement Agreement, the following terms shall have the following meanings:

(a) "Action" shall mean the case styled *Jessica Stuyvenberg, and those similarly situated v. Bubba Gump Shrimp Co. Restaurants, Inc. and Landry's Seafood House – Florida, Inc.*, case no. 6:13-cv-1330-ORL-37-KRS, currently pending in the United States District Court for the Middle District of Florida, Orlando Division

(b) "Court" shall mean in the United States District Court for the Middle District of Florida, Orlando Division.

(c) "Parties" shall mean Stuyvenberg, Bubba Gump and Landry's - Florida.

(d) "Stuyvenberg's Counsel" shall mean Kelly H. Chanfrau, B.C.S, Chanfrau & Chanfrau, 701 N. Peninsula Drive, Daytona Beach, FL 32118.

(e) "Defendants' Counsel" shall mean David W. Long-Daniels, Esq., Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia

30305.

(f) "Released Claims" shall mean the Action as well as all claims, arbitrations, actions, charges, and administrative filings related to Stuyvenberg's former employment with Bubba Gump that were asserted by, or that could have been asserted by, Stuyvenberg against Defendants or any of the Released Parties.

(g) "Released Parties" shall mean Defendants and all of their respective current and former officers, board members, members, directors, managers, partners, shareholders, attorneys, insurers, successors, parent or holding companies, subsidiaries, affiliates and assigns.

(h) "Released Period" shall mean the period from the start of time to the date Stuyvenberg signs this Settlement Agreement.

(i) "Settlement Payment" shall mean the amount that Stuyvenberg receives as consideration in exchange for her promises made herein.

### III.
### SETTLEMENT PAYMENT

7. In consideration of Stuyvenberg's covenants and promises in this Settlement Agreement, Stuyvenberg will receive a Settlement Payment, as a full and final settlement of the above-referenced Action as well as any and all claims, arbitrations, actions, charges, or administrative filings or proceedings Stuyvenberg has or may have against Defendants or any of the Released Parties as follows:

(a) One Thousand Five Hundred and One Dollars and No Cents ($1501.00), minus withholdings for taxes and other applicable deductions, as a full and final settlement of Stuyvenberg's claims asserted in the Action;

(b) Three Thousand Two Hundred and Fifty Dollars and No Cents ($3250.00) for Stuyvenberg's attorneys' fees, litigation expenses and costs incurred in the Action; and

(c) Two Hundred and Forty-Nine Dollars and No Cents ($249.00), minus withholdings for taxes and other applicable deductions, as a full and final settlement of any claims, other than the claims alleged in the Action, related to Stuyvenberg's former employment with Bubba Gump that Stuyvenberg may now have or claim to have against Defendants or any of the Released Parties.

8. The Settlement Payment will be issued in two checks as follows: (a) the first check shall be made payable to "Jessica Stuyvenberg" for $1750.00, minus withholdings for taxes and other applicable deductions and (b) the second check shall be made payable to "Chanfrau & Chanfrau" for $3250.00. Stuyvenberg agrees and understands that Defendants shall issue to Stuyvenberg a W-2 Form with respect to the $1750.00 payment referenced at subparagraph 8(a) and shall issue to Stuyvenberg's Counsel a 1099 for the $3250.00 payment referenced at subparagraph 8(b). The Settlement Payment will be sent to Stuyvenberg's Counsel within (10) days after the Court has approved this Settlement Agreement and the Court has entered an order dismissing, with prejudice, the Action without costs or fees to any party (except as noted in this Settlement Agreement).

9. **STUYVENBERG ACKNOWLEDGES AND AGREES THAT DEFENDANTS HAVE MADE NO REPRESENTATIONS TO HER REGARDING THE TAX CONSEQUENCES OF ANY AMOUNTS RECEIVED BY STUYVENBERG (HOWEVER THE DEFENDANTS HAVE AGREED TO WITHHOLD TAXES FROM STUYVENBERG'S MONETARY PAYMENTS) AND STUYVENBERG'S COUNSEL PURSUANT TO THIS SETTLEMENT AGREEMENT. STUYVENBERG AND**

STUYVENBERG'S COUNSEL SHALL BE RESPONSIBLE FOR ALL SUCH TAX CONSEQUENCES, INCLUDING ANY FINES OR PENALTIES EVER ASSESSED BY THE IRS OR ANY OTHER TAXING AUTHORITY WITH RESPECT TO THE PAYMENTS RECEIVED BY STUYVENBERG OR STUYVENBERG'S COUNSEL.

## IV.
## RELEASE OF CLAIMS AND OTHER REPRESENTATIONS BY STUYVENBERG

10. In consideration of the Settlement Payment and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Stuyvenberg, her personal representatives, heirs, successors and assigns, hereby fully, forever, and finally releases and discharges the Released Parties: (a) from her claims asserted in the Action and (b) from any and all claims, demands, actions, or causes of action, administrative actions, charges, damages, or suits at law or equity, of whatsoever kind or nature, including, but not limited to, all claims and/or demands for backpay, overtime pay, retirement benefits, front pay, unpaid commissions, group insurance or employee benefits, injunctive relief, compensatory or emotional distress damages, punitive damages, attorneys' fees, cost, and all other claims for monies and/or expenses arising out of or in any way connected with Stuyvenberg's former employment with Bubba Gump.

11. Stuyvenberg covenants and agrees to never initiate any lawsuit, administrative proceeding, arbitration, or other dispute resolution process related to any of the Released Claims.

12. Stuyvenberg represents and warrants that she has not filed or otherwise initiated any additional legal action or administrative proceeding of any kind against any of the Released Parties and has no knowledge that: (i) any such legal action or administrative proceeding has been filed or otherwise initiated or (ii) is contemplated or threatened by any other person or entity. Stuyvenberg also hereby irrevocably and unconditionally waives and relinquishes any

right to seek or recover any monetary relief or other individual remedies for or on account of any of the Released Claims.

## V.
## INDEMNITY

13. Stuyvenberg shall indemnify and hold harmless the Released Parties from and against any liability or loss, and for any reasonable cost, expense (including attorneys' fees), judgment, or settlement, based on or arising out of (a) any breach of this Settlement Agreement by Stuyvenberg; (b) any back taxes, penalties, or fines that may be assessed by the IRS or any other taxing authority as a result of any payments made Stuyvenberg pursuant to this Settlement Agreement; and (c) any future lawsuits or administrative proceedings involving any of the Released Claims.

## VI.
## DISMISSAL WITH PREJUDICE

14. The Parties shall jointly request that this case be dismissed with prejudice through their motion to the Court to approve this Settlement Agreement. Stuyvenberg agrees and acknowledges that no payment shall become due under this Settlement Agreement unless and until the Court dismisses the Action with prejudice.

## VII.
## MUTUAL FULL COOPERATION

15. The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, and to obtain the Court's approval of the Settlement Agreement and cause the Action to be dismissed with prejudice. The Parties shall use all reasonable efforts, including all efforts contemplated by this Settlement Agreement and any other reasonable efforts that may become necessary to effectuate the terms of this Settlement Agreement.

## VIII.
## NO PRIOR ASSIGNMENTS

16.     Stuyvenberg represents, covenants, and warrants that she has not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement Agreement.

## IX.
## NO ADMISSION

17.     Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants, and Defendants therefore deny liability.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## X.
## NOTICES

18.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Stuyvenberg:

Kelly Chanfrau, Esq.
Chanfrau & Chanfrau
701 N. Peninsula Drive
Daytona Beach, FL 32118

To Defendants:

David W. Long-Daniels, Esq.
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia  30305

## XI.
## CONSTRUCTION

19. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Settlement Agreement.

## XII.
## CAPTIONS AND INTERPRETATIONS

20. Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision. Each term of this Settlement Agreement is contractual and not merely a recital.

## XIII.
## MODIFICATION

21. This Settlement Agreement may not be changed, altered, modified, or waived except in a writing signed by all Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms.

## XIV.
## BINDING ON ASSIGNS

22. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XV.
## COUNTERPARTS

23. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XVI.
## GOVERNING LAW

24. The Parties agree that this Settlement Agreement shall be interpreted, construed, and enforced in accordance with the substantive laws of the State of Florida without reference to conflict of law principles.

## XVII.
## SEVERABILITY

25. Should any provision of this Settlement Agreement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement Agreement, such finding shall not invalidate or make unenforceable any other provision of the Settlement Agreement or affect in any way whatsoever the validity or enforceability of the Settlement Agreement as a whole.

## XVIII.
## STUYVENBERG'S REPRESENTATIONS

26. Stuyvenberg understands and agrees:

    (a) That she has the right to consult with legal counsel regarding this Settlement Agreement and is encouraged to consult with legal counsel with regard to this Settlement Agreement;

    (b) That she is entering into this Settlement Agreement freely and voluntarily and not as a result of any coercion, duress or undue influence;

    (c) That she is not relying upon any oral representations made to her regarding the subject matter of this Agreement;

    (d) That this Settlement Agreement provides additional consideration to that

which she was already entitled; and

   (e) That she has received all information she requires from Defendants in order to make a knowing and voluntary release and waiver of all claims against them.

[SIGNATURES ON NEXT PAGE]

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the Execution Date.

_____
Jessica Stuyvenberg

Date: July 2, 2014

Bubba Gump Shrimp Co. Restaurants, Inc.

By: _____
Its: Vice President

Date: _____, 20____

Landry's Seafood House, Florida, Inc.

By: _____
Its: Vice President

Date: _____, 20____