# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JESSICA STUYVENBERG,**

      **Plaintiff,**

**v.**                                                     **Case No:  6:13-cv-1330-Orl-37KRS**

**BUBBA GUMP SHRIMP CO.**
**RESTAURANTS, INC., et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF AMENDED AND RESTATED SETTLEMENT AGREEMENT (Doc. No. 34)**
>
> **FILED:** **June 19, 2014**

## I. PROCEDURAL HISTORY.

On October 10, 2013, Plaintiff Jessica Stuyvenberg filed an amended collective action complaint[1] under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), against Defendants Bubba Gump Shrimp Co. Restaurants, Inc. ("Bubba Gump") and Landry's Seafood House-Florida, Inc. ("Landry's Florida"), seeking recovery of alleged unpaid overtime and minimum wage compensation on behalf of herself and similarly situated employees. Doc. No. 8.

---

[1] Stuyvenberg's original complaint (Doc. No. 1) also was a collective action complaint under the FLSA. The parties represent that Stuyvenberg did not serve that complaint before filing her amended complaint. *See* Doc. No. 34 at 2 n.2.

The amended complaint also included a count for declaratory relief, which essentially duplicated the relief requested in the FLSA counts.[2]

On April 25, 2014, the parties advised the Court that they had reached a full settlement. Doc. No. 29.  The parties filed a joint motion for approval of their settlement agreement on May 27, 2014.  Doc. No. 31.  That motion was denied without prejudice.  Doc. No. 33.

The parties then re-negotiated their settlement agreement and filed the instant motion for approval of that agreement.  Doc. No. 34.  In the motion, they ask the Court to approve their amended settlement agreement and stipulate to the dismissal of this case with prejudice, with each party to bear its own costs and fees (except as specifically stated in their settlement agreement). *Id.*  Following an Order from the Court, the parties filed a fully-executed copy of their amended settlement agreement.  Doc. No. 36-1 ("the Amended Settlement Agreement").  The parties' motion to approve their Amended Settlement Agreement was referred to me for issuance of a Report and Recommendation, and it is now ripe for resolution.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982)("Lynn's Food"), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department

---

[2] No other individuals have filed consents to join the case.  In addition, Landry's Seafood House-Arlington, Inc. ("Landry's Arlington"), was named as a Defendant in both the original complaint and the amended complaint.  Stuyvenberg never effected service on Landry's Arlington.  Before Landry's Arlington answered, Stuyvenberg filed a notice dismissing her claims against Landry's Arlington, leaving only Bubba Gump and Landry's Florida as Defendants in this case.  Doc. No. 24.  Landry's Arlington is not a party to the settlement agreement currently before the Court.  Pursuant to Fed. R. Civ. P. 41(a)(1), Stuyvenberg's notice of dismissal was self-executing, and Landry's Arlington should have been terminated as a Defendant to this action by the Clerk of Court following the notice of dismissal.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990).  However, the Court's docket still reflects that Landry's Arlington is a Defendant.  Accordingly, I recommend that the Court direct the Clerk of Court to terminate Landry's Arlington as a Defendant.

of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.[3]  "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (citation and internal quotation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (cited as persuasive authority).  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.   ANALYSIS.**

   A.   *Amended Settlement Agreement.*

The Amended Settlement Agreement provides that Stuyvenberg will receive a total of $5,000.00, as follows: (1) $1,501.00 as full and final settlement of the claims asserted in this case; (2) $3,250.00 for Stuyvenberg's attorneys' fees, litigation expenses, and costs; and (3) $249.00 as

---

[3] *Lynn's Food* requires a stipulated judgment.  Although the parties have not submitted a proposed stipulated order of judgment, I construe their stipulation to a dismissal of the case with prejudice as a request for a stipulated judgment.

consideration for her release of all claims against Defendants and certain other released parties,[4] other than those asserted in this lawsuit, related to Stuyvenberg's former employment with Bubba Gump.  Doc. No. 36-1 ¶ 7.  Stuyvenberg also agrees to indemnify the parties released in the Amended Settlement Agreement for any amounts arising out of a breach of the settlement agreement, any amounts assessed by any taxing authority as a result of payments made to Stuyvenberg under the agreement, and any future lawsuits or administrative proceedings involving any of the claims released in the Amended Settlement Agreement.  *Id.* ¶ 13.

In her amended responses to the Court's interrogatories, Stuyvenberg asserted that she was entitled to $750.37 in unpaid minimum wage and $750.37 in liquidated damages, for a total of $1,500.74, plus attorney's fees and costs.  Doc. No. 23.[5]  Based on these amended responses and the terms of the Amended Settlement Agreement, Stuyvenberg will receive all of the unpaid FLSA minimum wage and overtime compensation and liquidated damages arguably due, as well as attorney's fees and additional compensation for the execution of a release of all claims related to her employment with Bubba Gump that have not been asserted in this lawsuit.

    *B.*    *Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010).  The Court is aware of the view expressed by some of the judges in the district that "a non-cash concession by an employee,

---

[4] In addition to Defendants, the released parties include Defendants' current or former officers, board members, members, directors, managers, partners, shareholders, attorneys, insurers, successors, parent or holding companies, subsidiaries, affiliates and assigns.  Doc. No. 36-1 ¶ 6(g) (defining "Released Parties").

[5] In the answers to the Court's interrogatories, Stuyvenberg indicated that Defendants' records showed that she worked approximately 10.24 hours of overtime.  In these answers, she did not claim that she had not been paid for all of these overtime hours.  Doc. No. 23 at 2.

such as confidentiality provisions or a broad release clause, affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), report and recommendation adopted, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012) (internal quotation and citation omitted); *see also Dees*, 706 F. Supp. 2d at 1240 ("[I]f the parties' proposed 'full compensation' agreement includes an additional term—such as the forbearance of a valuable right of the employee . . . —the notion of 'full compensation' becomes illusory and inapplicable . . . ."). The Eleventh Circuit has not determined whether a fairness finding is required when an FLSA plaintiff receives full compensation but also gives up a valuable right in a settlement agreement. Judges within this district appear to be split on the issue. *Compare Jarvis*, 2012 WL 933057, at *5-6, *with Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012), *and Dees*, 706 F.Supp.2d at 1240.

A number of judges, including the presiding district judge in this case, have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that were beyond the FLSA claim. *See, e.g.*, *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, Doc. No. 23 (M.D. Fla. Aug. 22, 2013), report and recommendation adopted at Doc. No. 24 (M.D. Fla. Sept. 10, 2013) (approving settlement agreement where employees received separate monetary compensation in exchange for executing a release of claims not in the complaint); *Irizarry v. Percepta, LLC*, Case No. 6:12-cv-1141-37KRS, Doc. No. 43 (M.D. Fla. June 20, 2013), report and recommendation adopted at Doc. No. 44 (M.D. Fla. July 10, 2013) (approving a settlement agreement where employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); *Bacorn v.*

*Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012), report and recommendation adopted, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. June 14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Rappaport v. Embarq Mgmt. Co.*, No. 6:07-cv-468-Orl-19DAB, 2008 WL 4642593, at *2 (M.D. Fla. Oct. 17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release). I find these cases to be persuasive and applicable to the instant case. Because substantial consideration above that arguably due under the FLSA is being paid, the release of claims not asserted in this lawsuit does not render the settlement unfair or unreasonable.

Finally, because Stuyvenberg will receive all of the FLSA compensation arguably due, the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not "taint" the amount Stuyvenberg agreed to accept to settle the case.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **DIRECT THE CLERK OF COURT** to **TERMINATE** Landry's Seafood House-Arlington, Inc., as a Defendant in this action;

2. **GRANT** the Joint Motion for Approval of Amended and Restated Settlement Agreement (Doc. No. 34), and **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **PROHIBIT** counsel for Plaintiff from withholding any amounts payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff; and,

5. **DISMISS** the case with prejudice, with each party to bear its own costs and fees (except as specifically stated in the Amended Settlement Agreement).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 17, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy